# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re: Ethylene Oxide Coordinated Pretrial Proceedings | Civil Action No. 1:24-CV-07261<br><br>Hon. Judge Jorge L. Alonso |

## DEFENDANT MEDLINE INDUSTRIES, LP'S OMNIBUS MOTION TO REMAND AND TO ADOPT AND JOIN CERTAIN ARGUMENTS IN SUPPORT OF REMAND

NOW COMES Defendant, MEDLINE INDUSTRIES, L.P. ("Medline"), by and through its attorneys, JOHNSON & BELL, LTD., and hereby moves to Remand and to Adopt and Join Certain Arguments in Support of Remand, and states as follows:

### I. INTRODUCTION

The instant mass-tort litigation ("EtO Litigation") has been removed to the Northern District of Illinois from the Circuit Court of Cook County, where the matter has proceeded for almost five years. Defendants Isomedix Operations, Inc. ("Isomedix"), Cosmed Group, Inc. ("Cosmed"), BASF Corporation ("BASF"), PPG Industries, Inc. ("PPG") have each removed a number of cases to the Northern District of Illinois (hereinafter, "Removed Cases").

On August 12, 2024, Medline sought leave to file a motion to remand. *See* Dkt. 39. On August 15, 2024, the Court granted Medline's Motion. *See* Dkt. 44. Medline moves to Remand this matter, and to adopt certain arguments in Support of Remand asserted by Plaintiffs. Specifically, Medline adopts and joins the arguments that: (1) Medline (an Illinois Defendant) is not a nominal defendant and (2) its role in the EtO Litigation defeats diversity jurisdiction; and (3) Medline did not consent to the removal of the Removed Cases.

None of the Removed Cases against Medline have been released or dismissed pursuant to settlement. Medline is currently actively engaging in ongoing discovery and has a direct interest

in the controversy. As such, Medline is not a nominal Defendant, and it still has a direct interest and economic stake in the litigation. The removal of numerous cases has significantly hindered its ability to engage in necessary discovery, including the collection of third-party records. Because Medline is a Defendant in interest and did not consent to removal to federal court, the Removed Cases should be remanded to the Circuit Court of Cook County.

## II. FACTUAL BACKGROUND

Medline has litigated the cases in the EtO Litigation since their inception in 2019. Medline has been a direct Defendant in nearly all cases; it is the current owner of the sterilization plant (the "Waukegan Facility") at issue.

In March 2024, Medline and Plaintiffs entered into a confidential Group Settlement Agreement "("GSA") covering some or all pending Edelson cases against Medline ("Covered Cases") to the extent that certain terms are satisfied in the future. Under the terms of the GSA, both Medline and each individual Plaintiff retain the ability to walk away from the Agreement until certain events have occurred (none of which have occurred yet). Individual Plaintiffs must affirmatively "opt-in" to the Settlement Agreement. The sequence of review, claim exclusion and complete walk-away are set forth in the GSA; the deadlines for various events extend into 2025. *See* Dkt. No. 32 ("The mass tort settlement process has only just begun, no removed plaintiffs have decided whether to participate in any mass settlement or instead proceed to trial, and as a matter of public record, no settlement can be finalized until after the expiration of Medline's and Vantage's participation-based walk-away rights in January 2024"). Under the terms of the GSA, Medline is not required to pay settlement funds to any Plaintiff in the Removed Cases until a determined date in the GSA. See Dkt. 32 at 3.

Pursuant to the GSA, Medline is currently conducting discovery into the Covered Cases, including Removed Cases. On July 9, 2024, Medline and Plaintiffs entered agreed HIPAA

Qualified Protective Orders to facilitate Medline's discovery efforts. Using the Circuit Court of Cook County's orders, Medline has sent hundreds of requests to third-party providers, some of which have been rejected, and may require discovery motion practice. Medline has also remained active in the other consolidated discovery activities, including some depositions.

No stipulations to dismiss the Removed Cases pursuant to settlement have been filed. No dismissal orders have been entered pursuant to settlement. Medline's deadline by which to walk away from the agreement in whole has not passed, nor has the deadline to reject individual claims. While the GSA is a vehicle for potentially resolving all pending claims, Medline remains a Defendant in each pending case. Both Medline and each of the individual Plaintiffs have the ability to refrain from resolving the pending claims, and proceed to trial instead.

### III. ARGUMENT

#### A. Medline is Not a Nominal Defendant

Isomedix, Cosmed, PPG, and BASF, contend that "Medline and Vantage are nominal parties and must be disregarded[.]" *See* Dkt. 32 (Phelps). This contention is incorrect. Medline is a Defendant in interest, not simply a nominal party, for two reasons: (a) Medline, a properly joined and served party, has a direct interest and substantial economic stake in the controversy and (b) Plaintiff still seeks relief from Medline.

A defendant may be nominal if: "(1) the plaintiff 'does not seek relief' from him []; or (2) 'there is no reasonable basis for predicting that [he] will be held liable[.]" *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024) (citing *R.C. Wegman Constr. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011); *GE Betz, Inc. v. Zee Co., Inc.*, 713 F.3d 615, 631 (7th Cir. 2011)). A defendant is not nominal if they have a substantial economic interest in the litigation's outcome. *M.D.C. Wallcoverings v. State Bank of Woodstock*, 1990 U.S. Dist. LEXIS 19110, *9-11 (N.D. Ill. Sept. 10, 1990). "A nominal defendant is not a real party in interest [] because he has no interest in the

subject matter litigated," and "[h]is relation to the suit is merely incidental and it is of no moment to him whether one or the other side in the controversy succeeds." *SEC v. Cherif*, 933. F.2d 403, 414 (7th Cir. 1991) (citing *Bacon v. Rives*, 106 U.S. 99, 104 (1882)) (internal quotations omitted).

Courts around the country have held that entering into a settlement agreement does not dispose of the defendant for the purposes of creating diversity jurisdiction. *Evers v. CEC Entm't*, 2011 U.S. Dist. LEXIS 28731, at 4-6 (N.D. Ill. Mar. 2011) (a settling defendant and also resident of the state in which the case was filed was still a party and defeated diversity jurisdiction even though it had settled); *Ray v. Craig Loftin Trailer Sales, LLC*, 2009 U.S. Dist. LEXIS 62403, at *2 (E.D. Okla. Jul. 21, 2009) (remanding case because settling non-diverse defendant was not "effectively eliminated as a party []"); *McCormick v. Excel Corp.*, 413 F.Supp.2d 967, 971 (E.D. Wis. 2006) (remanded because approval by the court is required for cases involving minor plaintiffs); *D.T. v. M.S.*, 2023 U.S. Dist. LEXIS 72535, at *9-13 (W.D. Mo. Apr. 26, 2023) (where payment is contingent, the controversy is not resolved and the settling defendant is not disposed of); *M.D.C. Wallcoverings v. State Bank of Woodstock*, 1990 U.S. Dist. LEXIS 19110, *9-11 (N.D. Ill. Sept. 10, 1990); *Reid v. Am. Commerce Ins. Co.*, 2007 U.S. Dist. LEXIS 29161 (E.D. Ky.) (settlement where either party can revoke its agreement is "not a sufficiently certain indication that the [non-diverse party] had actually settled [their] claims"); *Stroman v. State Farm Fire & Cas. Co.*, 2019 U.S. Dist. LEXIS 67962, at *2 (W.D. Wash. Apr. 22, 2019) ("It is well-settled that settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action"); *Price v. AMCO Ins. Co.*, 2017 U.S. Dist. LEXIS 167381 at *2-3 (E.D. Cal. Oct. 10, 2017) (an enforceable written agreement to settle and dismiss all claims against a non-diverse defendant still bars removal because the non-diverse defendant had not yet been formally dismissed by the court); *Moody v. Armstrong Int'l, Inc.*, 2016 U.S. Dist. LEXIS 783

at *5-6 (C.D. Cal. Jan. 4, 2016) ("Because [the defendant] has not been formally dismissed from this action, its citizenship should not be disregarded for purposes of determining if complete diversity of citizenship exists between the Parties such that removal is proper"); *Christian v. Regence BlueCross BlueShield of Or.*, 2020 U.S. Dist. LEXIS 155242 at *28 (the court held that a settlement agreement and notice of dismissal is insufficient to establish diversity jurisdiction, without an order of dismissal).

Further Illinois contract law considers a settlement agreement to be a contract, "and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contract generally." *Gutta v. Standard Select Trust Insurance Plans*, 530 F.3d 614, 618 (7th Cir. 2008) (applying Illinois law). "An agreement to settle pending litigation is effective when arrived at *unless the parties have subjected its effectiveness to contingencies.*" *Lampe v. O'Toole*, 292 Ill. App. 3d 144, 148 (2d. Dist. 1997). "[I]t is generally known in the legal profession that the compromise is not considered final or concluded until either a judgment has been entered, the case disposed, or releases have been signed." *Id.* at 147 (citing *Thornberry v. Board of* Education, 8 Ill. App. 3d 351, 360 (1972).

In *M.D.C. Wallcoverings v. State Bank of Woodstock*, plaintiffs filed suit in McHenry County, Illinois, against defendants, seeking "foreclosure of various subcontractors' mechanics liens and monetary damages for breach of contract." 1990 U.S. Dist. LEXIS 19110, at *1. Four defendants ("settled defendants") settled their claims about a year into the litigation. *Id.* at *3. Three defendants remained. *Id.* Two defendants filed a petition to remove the entire case from state court to the Northern District of Illinois on the basis that "complete diversity of citizenship did exist at the time they filed for removal, because the four mechanic's lien claims were settled" and "the citizenship of the four mechanic's lien claimants is irrelevant, because they were only nominal

parties" because of the settlement. *Id.* at *4. The other remaining defendant moved to remand the case on the basis that because the non-diverse defendants' (settled defendants') actions were still pending, and that the settled defendants did not join in the removal petition. *Id.* at *3. The court held that because the settlement was not final at the time of removal and because the settled defendants each had a substantial economic stake in the case, the settled defendants were not nominal defendants. *Id.* at *9-10. In fact, the court stated that "the fact that they [the settled defendants] were engaging in settlement negotiations at the time of the petition [does not] make [the settled defendants] nominal parties." *Id.* "Rather, only if the four [settled defendants] had no real or direct interest in the controversy—that is, no cause of action or claim for relief—at the time of the petition would they be nominal parties." *Id.*

In *D.T. v. M.S.*, the settlement agreement contemplated several scenarios and outcomes, including the outcome that the defendant does not pay plaintiff at all. *D.T. v. M.S.*, 2023 U.S. Dist. LEXIS 72535, at *9-13 (W.D. Mo. Apr. 26, 2023). The court found that a settlement agreement did not demonstrate a lack of a live controversy between the plaintiff and the settling defendant and thus the settling defendant's non-nominal and nondiverse status defeated diversity jurisdiction. Id. at 10 Because of the financial stake and the contingencies set forth in the settlement agreement, with no guarantee that plaintiff gets paid, the court held that the settling defendant was not a nominal party pursuant to the settlement agreement. *Id.* at 13. The court remanded the case. *Id.*

Similarly, in *Vasquez v. Alto Bonito Gravel Plant Corp.*, the plaintiff and settling defendant entered into a settlement agreement on behalf of a minor. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693-694 (5th Cir. 1995). The court held that, because either party could unilaterally revoke the settlement agreement after the settlement agreement had been approved by the state court, the agreement "did not effectively remove [the defendant] from the case" and

"consequently, diversity of citizenship was lacking at the time [the remaining defendant] filed its notice of removal." *Id.* The court held that the settlement agreement was not final because the agreement was revocable, thus the non-diverse, settling defendant remained in the suit. *Id.*

Likewise, in *Hunt v. Waters*, a state court case was removed to federal court based on diversity jurisdiction. 2019 U.S. Dist. LEXIS 19589 at *3-4. The diverse defendants argued that the non-diverse, settling defendants "ask[ed] the court to disregard the [settling defendants'] citizenship because [the p]laintiff agreed to settle [their] claims against them." *Id.* at *6. However, the case had not yet been disposed of. *Id.* at *4. While the settling defendants had filed a notice of acceptance of the plaintiff's offer in state court pursuant to local rules, the settlement required judicial approval. *Id.* at *7-8. Therefore, the court remanded the case to state court and held that, because the minor settlement had not been approved by the state court, the settlement was not yet binding, unequivocal, or unenforceable under state law, the non-diverse, settling defendants were still parties to the case, which divested the court of jurisdiction. *Id.* at *9.

Medline still has a direct interest and a substantial economic stake in the controversy. Pursuant to the GSA, Medline is currently conducting discovery into all Covered Claims, including most of the cases that are now pending in the Northern District. Medline has been obtaining records from providers for hundreds of Plaintiffs pursuant to the required Cook County Court Orders and under the Cook County Circuit Court's authority. Using the Cook County's Orders, Medline has sent hundreds of requests to third-party providers, some of which have been rejected. Certainly, more rejections are expected, and discovery motion practice is on the horizon. Medline is now deprived of a remedy to compel discovery from third parties, being that the Circuit Court of Cook County is now divested of its authority because the cases have been removed.

Medline and Plaintiff have yet to release any of the Removed Claims, or to stipulate to the dismissal of any such claims pursuant to settlement. No good faith finding orders have been entered. To the extent Isomedix, Cosmed, BASF, or PPG contend that entering into a settlement vehicle that could potentially lead to claim resolution renders Medline a nominal party at present, their argument fails. As in *M.D.C. Wallcoverings*, *D.T.*, *Lewis*, and *Vasquez*, an agreement to settle does not in and of itself convert the defendant to a "nominal defendant." Even if a binding settlement agreement were a relevant factor, nonetheless a dispositive factor, the settlement process is still ongoing and no claims have been released pursuant to settlement. Under the terms of the GSA, Medline is not required to pay Plaintiffs in the Removed Cases any settlement funds until a determined date in the GSA. *See* Dkt. 32 at 3. Accordingly, Plaintiffs retain the right to reject the settlement opportunity and Medline retains the right to exercise its walk-away right. If any Plaintiff decides to not settle, or if Medline decides to exercise its walk-away right, those claims will proceed to trial. As such, Plaintiff still seeks relief from Medline and Medline cannot be considered a nominal defendant at this juncture.

As in *D.T.*, *Lewis*, and *Vasquez*, Medline's entry into a vehicle for potential resolution does not render it a nominal defendant. Here, as in *D.T.*, where the settlement could or could not be paid, because of the terms of the GSA, if Medline chooses to exercise its walk-away right, some or all of the removed claims against Medline will not be resolved pursuant to settlement. Plaintiffs are not guaranteed any settlement funding. Plaintiffs' recoveries are contingent on numerous factors set forth in the GSA. As such, Medline still has a direct interest in the live controversy between it and Plaintiffs. In short, Medline remains an active Defendant in this ethylene oxide litigation and continues to engage the discovery processes through the applicable Cook County procedures. It is not a nominal Defendant.

### B. Medline Did Not Consent to Removal.

Valid removal requires unanimous consent of all defendants. *See* 28 U.S.C. § 1446(b)(2); *GE Betz, Inc.*, 718 F.3d at 632 (the failure to obtain consent of the other defendant constituted a removal defect); *Pettit v. Boeing Co.,* 606 F.3d 340, 343 (7th Cir. 2010); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("removal require[d] the consent of *all* defendants" and that "defect in the removal process could have justified a remand"); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) ("For cases governed by 28 U.S.C. § 1441(a)—the general statute authorizing removal from state courts to federal district courts of cases presenting claims arising under state law—all defendants must consent for removal to be effective"); *Green Tree Servicing, LLC v. Williams*, 2014 U.S. Dist. LEXIS 85306 (where a notice of removal was defective because no other defendants joined the defendant filing the removal). Medline did not consent to, nor was Medline aware of, Isomedix's, Cosmed's, BASF's, and PPG's plans to remove numerous cases to the Northern District of Illinois. Accordingly, removal to the Northern District did not comply with 28 U.S.C. § 1446.

To the extent that Isomedix, Cosmed, BASF, or PPG claim ignorance to the terms of the GSA between Medline and Plaintiff, Medline has a good faith basis to assert that Isomedix has been made aware of the terms of the GSA and is aware of the contingencies in place, which do not become binding until a later date. As such, at the very least, Isomedix knew that Medline was not a nominal party, and should have sought Medline's consent as a Defendant in interest.

Had Isomedix, Cosmed, BASF, and PPG informed Medline of their intent to remove cases to the Northern District of Illinois, Medline would not have consented because of the current discovery taking place in Cook County's Circuit Court and because the authority of the HIPAA Qualified Protective Orders for numerous cases is now temporarily muted. Because Medline, a

necessary Defendant in the EtO Litigation, does not consent to the removal of cases, these Removed Cases against Medline should be remanded to the Circuit Court of Cook County.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, this Honorable Court should grant Medline's Motion to Remand, and should grant any other relief the Court deems just.

_____
One of the Attorneys for Medline

H. Patrick Morris #6187083
David F. Fanning #6274895
Danielle E. Austriaco #6338676
JOHNSON & BELL, LTD.
33 W Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372 – 0770
Fax: (312) 372 – 9818
morrisp@jbltd.com
fanningd@jbltd.com
austriacod@jbltd.com

## CERTIFICATE OF SERVICE

I, David F. Fanning, hereby certify that the foregoing document was electronically filed on August 23, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

_____
David F. Fanning
**JOHNSON & JOHNSON, LTD.**
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Phone: (312) 372-0770
Fax: (312) 372-9818
fanningd@jbltd.com