# **EXHIBIT 16**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 38

Case: 1:24-cv-07261 Document #: 26-16 Filed: 08/29/24 Page 2 of 7 PageID #:466

FILED
7/2/2024 1:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L000686
Calendar, 38
28356943

FILED DATE: 7/2/2024 1:55 PM   2023L000686

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KATHLEEN KOCH,<br>*Plaintiff*,<br>v.<br>VANTAGE SPECIALTY CHEMICALS, INC., et al.,<br>*Defendants*. | Case No. 2023 L 000686<br><br>*In re Medline EtO Release Litigation*<br><br>Judge John H. Ehrlich<br><br>Courtroom 2306 |

**UNOPPOSED MOTION TO APPOINT CATHY YANNI OF JAMS
AS ALLOCATION NEUTRAL OF THE MEDLINE SETTLEMENT**

Defendant Medline Industries, Inc. and Medline Industries, L.P. (together "Medline") and Plaintiffs' Counsel Edelson PC recently entered into a binding settlement agreement under which, among other provisions, the agreed settlement funds will be allocated amongst approximately **360** qualifying and consenting plaintiffs. The settlement agreement provides for a robust allocation process, complete with challenge rights for Medline, appellate rights for participating plaintiffs, and the opportunity to present live testimony to a neutral in support of both challenges and appeals.

At the conclusion of the challenge and appeals process, anticipated to occur in approximately **December 2024**, Medline may—depending on the number of qualifying plaintiffs—have the right to exercise a Walk-Away right under which it may terminate the settlement as null and void. Assuming that does not happen, the settlement agreement provides that participating plaintiffs will: (i) receive their settlement money and (ii) dismiss their claims against Medline with prejudice. **Table 1**, below, provides an overview of the key events related to this settlement process.

**TABLE 1**

| Event | Approximate Date |
|---|---|
| Potentially eligible plaintiffs notified of individual allocation | August 2024 |
| Deadline for each plaintiff to accept, reject, or appeal allocation | October 2024 |
| Deadline for Medline to issue any challenges to eligibility | October 2024 |
| Deadline for Allocation Neutral to resolve appeals | November 2024 |
| Deadline for Allocation Neutral to resolve Medline eligibility challenges | November 2024 |
| Anticipated motion for good-faith finding | November 2024 |
| Deadline for Medline to exercise Walk-Away Right | January 2025 |
| Deadline for Medline to fully fund remainder of settlement account | January 2025 |
| Participating Plaintiffs to receive settlement money | January 2025 |
| Participating Plaintiffs to dismiss Medline with prejudice | January 2025[1] |

Pursuant to the settlement agreement, the robust allocation process described above is to be overseen by Cathy Yanni of JAMS, who is to be appointed by the Court to serve as Allocation Neutral. Consequently, non-party Edelson PC and Defendant Medline **jointly** move the Court to enter the attached [Proposed] Order appoint Cathy Yanni as Allocation Neutral for the Medline Settlement.

---

[1] In response to colloquy at the June 26, 2024 status conference, Plaintiffs' counsel Edelson PC provide the following position statement: Until such time as participating plaintiffs have received their settlement money and dismissed Medline with prejudice, it is not appropriate or reasonable for potentially-settling plaintiffs to dismiss Medline from their cases or otherwise remove Medline from their complaints. Doing so would unnecessarily and unreasonably jeopardize plaintiffs' right to pursue their claims against Medline in the event that Medline subsequently exercises its Walk-Away right, unnecessarily and unreasonably increase the risk that a non-settling defendant tampers with plaintiffs' chosen forum (*e.g.*, by attempting to remove to federal court or transfer to another Illinois circuit court), and more broadly unnecessarily and unreasonably encourage Medline to exercise its Walk-Away right (*e.g.*, in the event that the non-settling defendant's attempt to change forum is successful, and Medline decides to litigate in that new forum rather than settle). Defendant Medline takes no position on these assertions of Edelson PC.

FILED DATE: 7/2/2024 1:55 PM   2023L000686

Ms. Yanni's expertise in the area of mass tort settlement allocation is unparalleled. Currently Ms. Yanni is serving as Trustee of the Fire Victim Trust, overseeing all Trust operations, including the resolution of 255,000 claims from 72,000 claimants damaged by the 2015 Butte, 2017 North Bay, and 2018 Camp Fires. Created in July 2020 pursuant to PG&E's Chapter 11 Plan of Reorganization, the Trust was funded with both cash and 477 million shares of stock. Under Yanni's financial stewardship, the Trust finalized stock sales, realizing over $750 million more than the $13.5 billion funding anticipated at its formation. To date the Fire Victim Trust has paid over $12.5 billion to claimants.

More broadly, Ms. Yanni is a nationally-renowned specialist in claims allocation. Throughout her career, Ms. Yanni has settled or otherwise facilitated the allocation and distribution of billions of dollars of settlement funds to claimants across dozens of mass torts. She has served as a Court Appointed neutral in numerous mass torts, including:

- Appointed by the Hon. Dennis Montali to be the Administrator of the $13.5B Fire Victim Trust, which was created as part of PG&E's bankruptcy settlement. The US Bankruptcy Court approved formation and funding of the Trust to compensate approximately 70,000 victims of the 2015 Butte Fire, 2017 North Bay Fires, and 2018 Camp Fire

- Appointed to be The Administrator of the Wildfire Assistance Program fund on June 5, 2019, by the Hon. Dennis Montali in the matter of *In re: PG&E Corporation and Pacific Gas and Electric Company*, No. 19-30088- DM (Bankruptcy case). The $105 million-dollar fund was distributed to the victims of the 2017 and 2018 Northern California Wildfires

- Appellate review officer for Takata Airbag Tort Compensation Trust Fund. The $140 million Trust was established pursuant to a February 2017 criminal plea agreement between the US Department of Justice and Takata to resolve felony charges brought by the government against Takata in connection with the design, manufacture and sale of defective airbag inflators

- Settlement Special Master for the In Re National Prescription Opiate Litigation MDL by The Hon. Dan Polster, US District Court for the Northern District of Ohio

- Special Master for the Abilify MDL by The Hon. M. Casey Rodgers, US District Court for the Northern District of Florida, following the joint recommendation of the plaintiffs and defendants settlement committee

- Mediator/Special Master: Transvaginal Mesh (TVM) Cases. Appointed by The Hon. Joseph Goodwin, Southern District of West Virginia as Special Master to assist settlement and allocation of multiple settlements in the Boston Scientific, Covidien, Coloplast, AMS, and BARD MDLs

- Settlement Special Master for Medtronic Infuse by The Hon. John D. Minton, Kentucky Supreme Court (2016)

- Special Master by The Hon. David A. Katz, US District Court for the Northern District of Ohio, for In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation

- Settlement and Discovery Special Master by The Hon. Dan Polster, US District Court for the Northern District of Ohio, in Gadolinium Contrast Dyes Product Liability Litigation

- Special Master by The Hon. Richard Kramer, Superior Court of California, San Francisco County by agreement of the parties for the JCCP, Gadolinium Contrast Dyes Product Liability Litigation

- Special Master by agreement of the parties for the St. Jude Riata Lead Wire Medical Device Litigation

- Special Master by agreement of the parties for Kelly v. Xoft, for claims arising out of alleged tungsten migration used in breast cancer treatment

- Special Master by The Hon. Wynne Carvill, Superior Court of California, Alameda County for the Medtronic Infuse Litigation

Ms. Yanni's appointment is anticipated to last for approximately six months, and to terminate upon either: (i) termination of the settlement, in the event that Medline exercises its "Walk-Away Right" as described above, or (ii) dismissal with prejudice of the claims against Medline asserted by all participating plaintiffs, as is anticipated to occur in approximately December 2024.

FILED DATE: 7/2/2024 1:55 PM   2023L000686

Consequently, Plaintiffs' Counsel respectfully request that the Court enter the attached [Proposed] Order Appointing Cathy Yanni of JAMS as Allocation Neutral for the Medline Settlement. Defendant Medline does not oppose this Motion.

|   |   |
|---|---|
|   | Respectfully, |
| Dated: July 2, 2024 | */s/* Brandt Silver-Korn |

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Amy Hausmann
abhausmann@edelson.com
Schuyler Daum*
sdaum@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6370
Firm ID: 62075

Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn
bsilverkorn@edelson.com
Lauren Blazing*
lblazing@edelson.com
EDELSON PC
150 California St, 18th Floor,
San Francisco, CA 94111
415.212.9300

*Admitted Pro Hac Vice into consolidated lead action*

## **CERTIFICATE OF SERVICE**

       I, Brandt Silver-Korn, an attorney, hereby certify that on July 2, 2024, I caused the above and foregoing ***Unopposed Motion to Appoint Cathy Yanni of JAMS as Allocation Neutral of the Medline Settlement*** to be served by transmitting such document via the Court's electronic filing system to all counsel of record.

                                                                                         /s/ Brandt Silver-Korn

FILED DATE: 7/2/2024 1:55 PM    2023L000686