# **EXHIBIT 25**

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KATHLEEN KOCH,                    )
                                  )
              Plaintiff,          )
                                  )
        vs.                       )   No. 23 L 686
                                  )
VANTAGE SPECIALTY                 )   All Consolidated
CHEMICALS, INC.; et al.,          )   Cases
                                  )
              Defendants.         )

          Report of proceedings had at the hearing in the above-entitled cause before the HONORABLE JOHN H. EHRLICH, Judge of said Court, at Richard J. Daley Center, 50 West Washington Street, Courtroom 2306, Chicago, Illinois, commencing at 8:32 a.m. on August 28th, 2024.

Royal Reporting Services, Inc.
312.361.8851

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 2

```
 1   APPEARANCES:

 2        STINAR GOULD GRIECO & HENSLEY
          MR. BRYCE T. HENSLEY
 3        101 North Wacker Drive
          Suite 100
 4        Chicago, Illinois 60606
          Phone:  312.748.7338
 5        E-mail:  bryce@sgghlaw.com

 6             On behalf of the Plaintiffs;

 7


 8        KIRKLAND & ELLIS LLP
          MR. BRENDAN E. RYAN
 9        333 West Wolf Point Plaza
          Chicago, Illinois 60654
10        Phone:   312.862.2000
          E-mail:  brendan.ryan@kirkland.com
11
               and
12
          ROPES & GRAY LLP
13        MR. NICHOLAS M. BERG
          191 North Wacker Drive
14        32nd Floor
          Chicago, Illinois 60606
15        Phone: 312.845.1200
          E-mail:  nicholas.berg@ropesgray.com
16
               On behalf of the Defendant Vantage Specialty
17        Chemicals, Inc.;

18

19

20

21

22

23

24
```

Royal Reporting Services, Inc.
312.361.8851

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 3

```
 1    APPEARANCES (continued):

 2         PEDERSEN & HOUPT
           MR. CHARLES M. GERING
 3         MR. ANTHONY DeMARCO PESCE
           161 North Clark Street
 4         Suite 2700
           Chicago, Illinois 60601
 5         Phone:  312.641.6888
           E-mail:  cgering@pedersenhoupt.com
 6                  apesce@pedersenhoupt.com

 7             On behalf of the Defendant Cosmed Group, Inc.;

 8         JONES DAY
           MR. PHILIP M. OLISS
 9         MR. ALEXANDER W. PRUNKA
           901 Lakeside Avenue
10         Cleveland, Ohio 44114
           Phone:   216.586.3939
11         E-mail:  poliss@jonesday.com
                    aprunka@jonesday.com
12
               On behalf of the Defendant STERIS Isomedix
13             Services, Inc.;

14         K&L GATES LLP
           MR. KENN BROTMAN
15         70 West Madison Street
           Suite 3300
16         Chicago, Illinois 60602
           Phone:  312.372.1121
17         E-mail:  kenn.brotman@klgates.com

18             On behalf of PPG Industries, Inc.;

19         DLA PIPER
           MR. JOSEPH A. ROSELIUS
20         444 West Lake Street
           Suite 900
21         Chicago, Illinois 60606
           Phone:  312.368.7034
22         E-mail:  joseph.roselius@dlapiper.com

23             On behalf of BASF.

24
```

Royal Reporting Services, Inc.
312.361.8851

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 5 of 12 PageID #:590

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 4

1 THE COURT: Okay. I don't have that many things
2 set for today, but I just wanted to go over a couple of
3 things I think we started to talk about last week. The
4 first was your November 15th trial date. Since it is --
5 it's decided that I'm not going to be the judge for
6 that, I just want to let you know, the fall schedule
7 around here is packed starting next week. It's just --
8 It's just packed. So I have no idea who you would get
9 as a judge. You can do a pick five if you want to. Go
10 down to 2005, and they'll set you up for that. Given
11 the nature of the number of cases, though, you can't be
12 assured that you are going to get a pick five because
13 there may not be five judges available, based upon other
14 cases they already have scheduled on a pick five. So
15 you may just end up getting the random assignment
16 altogether.
17    MR. HENSLEY: We're going to work to get a list of
18 five over to defendants hopefully today to expedite that
19 process.
20    THE COURT: Okay. And I was just going to say, do
21 it as soon as possible. Today is a good day to do it.
22 Because as I said, some of those judges may already be
23 blocked, as I am, for instance, the 2nd of December.
24    Let me go back to the Atwater and Taylor cases

Page 5

1 which are scheduled in January. I wrote a note down.
2 I just wanted to make sure I was clear. Is that being
3 mediated with Judge Callahan? For some reason I had a
4 note, "Callahan" --
5    MR. HENSLEY: Callahan was the name of the
6 associate at Jones Day who, I think, sent you the
7 proposed order.
8    MR. OLISS: Yeah, that was your note to look back
9 in your e-mail for an e-mail from Pat Callahan.
10    THE COURT: Oh, gotcha. I was going to say if you
11 want to go to Judge Callahan to try to mediate those
12 cases, you could. Who knows, maybe they're related.
13    Did we -- I did have a note for that -- that
14 we were waiting for a case management order on that and
15 we were going to try to work it out between the parties.
16    MR. OLISS: So yeah, we have a proposed case
17 management order that was in front of you last time, and
18 I don't know that there is an objection to that, but --
19    MR. HENSLEY: I think we had submitted a competing
20 one.
21    THE COURT: And that's what I didn't know, whether
22 the -- if there were substantial changes to it.
23    MR. HENSLEY: I think there was maybe a week or two
24 difference here or there, and that was it. But I --

Page 6

1 I thought last week -- and I think we had objected just
2 based on the fact that we had submitted our own, but
3 I thought the Court was entering the defendants' --
4    THE COURT: Is this --
5    MR. HENSLEY: -- over objection.
6    THE COURT: I think that's the defendants' one from
7 last week. I just want to make sure.
8       (Document tendered.)
9    MR. HENSLEY: We may need to compare.
10    MR. OLISS: Alex, do you have --
11    MR. PRUNKA: I'm looking for it.
12    THE COURT: Do you have yours, Counsel?
13    MR. OLISS: I believe this is ours, yeah, because
14 we wanted to avoid the holidays.
15    MR. HENSLEY: Put the holidays on us.
16    MR. OLISS: Not really.
17    MR. HENSLEY: I don't have ours in front of me
18 right now.
19    MR. PRUNKA: This was our proposed, submitted on
20 the 20th, which was the day before last week's hearing.
21    MR. OLISS: Okay. So while this is -- This is the
22 new one, because this date has already passed.
23    MR. PRUNKA: Yes. So that was the original that we
24 submitted. This is what we submitted last week,

Page 7

1 Your Honor.
2    MR. OLISS: And that just -- This is plaintiffs'
3 request that pushed -- reasonable request that pushed
4 back the dates that -- the date that had already passed
5 that was going to push one other date back.
6    So this is the one -- Do you need a second,
7 Bryce?
8    MR. HENSLEY: Yeah, let me just look at that.
9    THE COURT: Because we can go ahead and get that
10 entered by agreement if everyone is okay with it.
11    MR. OLISS: Should I give this back to you, or is
12 it being --
13    THE COURT: This is the old one.
14    MR. OLISS: That's the old one.
15    THE COURT: I will toss it.
16       (Discussion off the record.)
17    MR. OLISS: The one that is in front of you, Bryce,
18 is the amended CMO that we submitted before last week's
19 hearing. And at that time, you seemed to say you did
20 not have an objection to it.
21    MR. HENSLEY: I think the only issue we had was
22 with maybe one or two of the dates later on. I am just
23 looking -- I'm looking back at ours. Admittedly,
24 Your Honor, I thought this issue was resolved last week,

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 6 of 12 PageID #:591

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 8

1  so I didn't come prepared --
2     THE COURT: Can we go ahead and enter it? And if
3  we need -- I'm always up for tweaking CMOs if we need
4  to.
5     MR. HENSLEY: If that can be the case, then yes,
6  I think that's fine. I don't want to expend too much
7  energy on that today. So if we can -- as we get down
8  the line and we are seeing how discovery and experts --
9     THE COURT: That's always the case as it gets
10 closer to trial.
11    MR. HENSLEY: Thank you.
12    THE COURT: So we'll go ahead and enter the amended
13 one that was provided by Jones Day from last week.
14    MR. PRUNKA: I think that first page might be
15 double-sided, so I just want to make sure I'm not
16 handing you duplicate materials.
17    THE COURT: You know what? I'll use the single
18 page from the old one.
19    MR. PRUNKA: Perfect. That's a great idea.
20    THE COURT: Okay.
21    MR. HENSLEY: We also have -- I know that defense
22 has a stipulation for today on an issue. We have one on
23 the Atwater and Taylor case pertaining to expert
24 discovery, specifically as it relates to -- I believe

Page 9

1  it's expert communications, and similar stipulations
2  have been entered in the previous cases. So I think we
3  have agreement on it.
4     MR. OLISS: Yes, as long as it's the same.
5     MR. HENSLEY: Yep, yep.
6     THE COURT: And just for the record, this is a
7  proposed order regarding expert discovery, the
8  stipulation between the parties. Whom am I to disagree?
9  So that will be entered as well.
10    MR. HENSLEY: We've got a second copy.
11    (Document tendered.)
12    THE COURT: Do you want that copy?
13    MR. HENSLEY: Yes, please. Thank you.
14    THE COURT: Go ahead.
15    MR. PRUNKA: This is the joint stipulation
16 privilege in Redgrave that we discussed last week.
17    THE COURT: Oh, okay.
18    MR. OLISS: This was -- We have some privilege
19 disputes, and we want to make sure they are disclosed.
20    THE COURT: Correct. Right. And those are the
21 ones that are currently before Redgrave.
22    MR. OLISS: That's correct.
23    THE COURT: Right.
24    My clerk is currently working on a trial

Page 10

1  upstairs on 26, but he comes down usually around
2  lunchtime. So these will get entered probably around
3  lunchtime today.
4     MR. OLISS: Thank you.
5     THE COURT: And speaking of my clerk, I just wanted
6  to make sure -- I had e-mailed -- These are the
7  cases (indicating) for which we don't have HIPAA orders.
8     MR. HENSLEY: Okay.
9     THE COURT: I assume those are still in process.
10    MR. HENSLEY: I believe so. I will make sure.
11    Do you have two copies of that, or is that --
12 is one a --
13    THE COURT: Because some were brought over earlier
14 this week, and I believe they were already -- the ones
15 that had already been entered. So I just want to make
16 sure -- We need to get those done so that we can get
17 those medical records. I can't remember the date of
18 that e-mail, but that was sometime last month, I
19 believe.
20    So that stipulation we were just dealing with
21 with Redgrave deals with the clawback issue.
22    MR. OLISS: That's right.
23    THE COURT: Okay. I have an issue with regard to
24 fact sheets on the trailing cases and where we were

Page 11

1  with the provision of those.
2     MR. HENSLEY: So the issue that came up last week
3  was with respect to the Medline truncated fact sheets
4  pursuant to settlement. Last night just before
5  midnight, we received a motion to compel on those.
6     And so if we are talking about the trailing
7  cases that are still here in Cook County, the issue is
8  that they, I guess, want settlement documents or
9  conversations that have been had between the parties.
10 We obviously have a lot of deadlines coming up on the
11 Knobbe case. So to the extent that we are going to be
12 responding on trailing plaintiff discovery, I think we
13 would ask for 28 days to respond to that motion.
14    MR. OLISS: So, Your Honor, there are two motions.
15 There is the one for -- the one that's collective to all
16 the non-removed plaintiffs, and then there is a specific
17 motion to compel with respect to Ms. Knobbe.
18    And, obviously, in the case of Ms. Knobbe, we
19 don't think 28 days is an appropriate amount of time.
20 She has made -- To the extent she has submitted a
21 participation packet, she has made representations
22 regarding her injury, the cause of her injury, and her
23 damages that we have not seen. And she has presumably
24 provided medical records as well because my

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 7 of 12 PageID #:592

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 12

1  understanding is that is what she is required to do in
2  order to be eligible to participate.
3       We don't think there is -- there can be any
4  meaningful dispute, and we are entitled to the
5  plaintiff's own statements about her injuries and her
6  damages. And, you know, there are discovery requests
7  that call, obviously, for her medical records. The ESI
8  protocol requires that parties obtain medical records
9  and turn those over to the other parties. So we don't
10 see any basis on which she should be withholding that
11 information.
12      And if they want to oppose the motion -- They
13 declined to meet and confer with us, and so here we are.
14 And now, you know, we are looking at 28 days. We think
15 this can be wrapped up a lot sooner than that if, in
16 fact, they do oppose the motion. And the same holds
17 true really for the others. It's just a matter of a
18 copy job for stuff that they promised us back in April.
19 And we have not heard a basis for why any of it is not
20 discoverable. So we think this ought to move a little
21 bit more quickly than that.
22      THE COURT: Let's deal with Knobbe first.
23      MR. HENSLEY: Yes. So we can start with that.
24      I mean, on the issue of the fact that we have,

Page 13

1  I guess, refused to meet and confer, the last two
2  e-mails -- Sunday evening at 7:41; and Tuesday morning,
3  yesterday morning, at 10:50 -- were from my cocounsel,
4  requesting information as to the plaintiffs they were
5  seeking discovery from and what the extent of it was.
6  I mean, we are open to having those conversations with
7  them, and they went ahead and filed this motion, again,
8  last night at about midnight.
9       With respect to Knobbe, there are documents --
10 So again, to backtrack, there is the full plaintiff
11 fact sheet. What the Medline settlement is, is just the
12 first seven pages of that fact sheet; medical records,
13 which have all been produced to them; HIPAA form, which
14 has been produced. That's the extent of the documents.
15      To the extent that they are trying to get
16 other settlement documents, we are talking about
17 mediation privilege, we are talking about
18 attorney-client privileged documents, conversations
19 under 408 -- things that I think require a little bit
20 more time than a hearing on a motion eight hours after
21 we received it. So we are asking for some more time to
22 respond on it.
23      We are in the middle of expert discovery.
24 There is nothing -- I guess, as I am looking at the

Page 14

1  schedule, their expert disclosures aren't due for
2  another couple of weeks. To the extent that there is,
3  you know, information in there, I think we need a chance
4  to actually file a written response to explain to the
5  Court what we are objecting to and why. So I would ask
6  for the time that we set forth to respond to that.
7       MR. OLISS: Judge, this has a lot longer history
8  than that would suggest --
9       THE COURT: Let me just ask, are you after
10 communications, correspondence concerning settlement?
11      MR. OLISS: We are after -- Yeah, we are seeking
12 the settlement agreements and communications relating to
13 the settlement. To the extent they want to object to
14 that and brief that, that's fine. But I think the main
15 thing that we are seeking is the participation packet.
16 Right? So that -- if we can -- We can brief the other
17 issues if they have other objections or they are
18 concerned about scope.
19      But the principal request -- and it has been
20 now for over a month -- is that they simply produce the
21 participation packet that was just described to you,
22 that we've never seen, where she fills out a plaintiff
23 fact sheet, or a version of the plaintiff fact sheet,
24 and provided a medical authorization and medical

Page 15

1  documents. That should not be in dispute. If we can
2  get that, we can brief the rest of it.
3       THE COURT: Is that in dispute, Counsel?
4       MR. HENSLEY: Well, I think the dispute on our end
5  is just the fact that we have already produced -- that
6  information has been produced in the plaintiff
7  fact sheet that they already have in the broader
8  litigation. It's just -- Again, it's the first seven
9  pages of that, the medical records that they have, and
10 it's a HIPAA form.
11      So that's -- I mean, to the extent that there
12 is anything that they don't already have, I don't
13 necessarily think there is an issue within that subset
14 of documents because, again, we've already produced it.
15 So I don't know what the production there looks like.
16 It's a blank e-mail saying, "Counsel, please see the
17 plaintiff fact sheet; please see the medical records;
18 please see the HIPAA."
19      MR. OLISS: So can we just get that e-mail and
20 attachments?
21      THE COURT: Can you just provide it again? It
22 doesn't seem like it -- It should be readily available,
23 I assume.
24      MR. HENSLEY: I can talk to my team about the

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 8 of 12 PageID #:593

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 16

1  production of that information. I guess the issue,
2  again, that we have, though, is any other documents
3  that, you know -- again, that are settlement
4  communications --
5     THE COURT: Anything else we can brief. You can
6  put that in a brief as to why you are objecting to
7  producing that. But why don't we get the -- you are
8  calling it the --
9     MR. OLISS: I think they call it a participation
10 packet.
11    THE COURT: Participation packet. Let's get the
12 participation packet over to the defendants by Friday.
13    MR. OLISS: And, Judge, can we get that for the
14 other cases as well? So there is -- They've got a file
15 somewhere with all the participation packets, probably
16 digitally. Ms. Knobbe's is in there. And if we can
17 just get hers and the participation packets for the
18 other folks so we can compare those against what we've
19 received. And we can meet and confer about scope and
20 mediation privilege and whatever else they want to
21 raise, but none of those things should fall within that
22 concern.
23    THE COURT: With regard to the other people, let's
24 put a 28-day date on that, because Knobbe is obviously

Page 17

1  the most important case at this point.
2       And if you have a dispute as to what is going
3  to be produced or any privileges over settlement
4  discussions or any mediation or whatever else, that is
5  something that can also go to Redgrave for resolution.
6     MR. OLISS: Except that they have not agreed to
7  submit the PFS issues to Redgrave. So we've only got
8  Redgrave for Knobbe.
9     THE COURT: So again, if you can try to raise
10 that -- I will add the word "try" to raise that with
11 Redgrave. Because if they are dealing with it on one
12 issue -- on one case, it would seem to be logical that
13 they can do it with regard to the other ones.
14      But let's get the -- that initial packet done
15 by Friday.
16    MR. HENSLEY: For Knobbe?
17    THE COURT: For Knobbe.
18    MR. OLISS: Thank you, Your Honor.
19    THE COURT: And anything else then you can file an
20 objection to.
21    MR. HENSLEY: Okay. Understood. So I guess just
22 so, as I have it here, that's -- We got it yesterday.
23 So by September 24th, we'll file our -- we'll file what
24 we need to file on the trailing cases.

Page 18

1     MR. OLISS: I'm sorry. Is that what you meant by
2  the -- they have 28 days to respond?
3     THE COURT: 28 days for the other ones.
4     MR. OLISS: To produce?
5     THE COURT: To produce.
6     MR. HENSLEY: Just so I'm clear, they filed their
7  motion to compel, and the Court is granting their motion
8  to compel. I mean, I have an objection to their notice
9  on the motion to compel. So we had no time to actually
10 prep a response on this issue, and I think we want time
11 to be able to respond on this issue. There is 201(k)
12 correspondence --
13    THE COURT: And I will give you time for that.
14 I don't have a problem giving you time for that.
15    MR. OLISS: I think if -- If I may suggest -- and I
16 think it may be what you were getting at, at least
17 that's what I thought -- is that, produce them in
18 28 days; and in the meantime, that will give us an
19 opportunity to have a 201(k), and they can raise
20 objections --
21    THE COURT: Correct. Correct. So, I mean -- And
22 if we are not resolved in 28 days, we'll deal with it at
23 that point. But, I mean, that's what I would like to
24 do, is try to get it resolved prior to that point. And

Page 19

1  then if we need to brief it out, we'll brief it out.
2       What else do we have?
3       Where are we with expert discovery at this
4  point?
5     MR. HENSLEY: We disclosed our remaining three
6  experts. I believe that was last week. And we are in
7  the process now of, I believe, scheduling those
8  depositions. And I guess counsel can weigh in on the --
9     MR. OLISS: Yeah. So late Friday evening, we
10 received three additional -- we were expecting two, but
11 three additional reports. The same concerns that we
12 raised before are present; that these are reports that
13 could have been produced in accordance with the case
14 management order on August 9th but weren't. Candidly,
15 we are still -- They're pretty thick. We are still
16 working our way through them. I think there are going
17 to be a number of issues, but I don't know that we need
18 to address them this morning.
19    THE COURT: You don't have dates for those yet?
20    MR. OLISS: I think we have dates for the original
21 disclosures, and we are working on dates -- We were
22 given one date for each expert in California. So we are
23 trying to make those work, but we don't have all of the
24 experts scheduled for deposition yet, no.

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 9 of 12 PageID #:594

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 20

1  THE COURT: Okay. And then defendants are to
2  disclose on when?
3  MR. OLISS: September...
4  THE COURT: Is it 13th?
5  MR. OLISS: I want to say...
6  MR. GERING: 27.
7  MR. OLISS: Sorry, Judge.
8  THE COURT: That's okay.
9  MR. PESCE: 27th.
10 MR. GERING: Yes.
11 THE COURT: On the 27th?
12 MR. PESCE: Yes, Your Honor. It's a Friday,
13 September 27th.
14 THE COURT: Okay.
15 MR. OLISS: And that's pursuant to the case -- the
16 CMO that has not yet been entered. This is the one that
17 you did by e-mail.
18 THE COURT: The one that's waiting --
19 MR. OLISS: Yeah.
20 THE COURT: -- right, to go in.
21 MR. HENSLEY: No. Earlier that was Atwater and
22 Taylor.
23 THE COURT: Oh, that's the Atwater one.
24 MR. HENSLEY: This was the one that you e-mailed to

Page 21

1  us, and the past couple of times we've had the
2  conversation -- I think it was a bit in flux initially
3  because of the January proposal that you made, and then
4  we had some discussions about whether or not Your Honor
5  would be available. And then I think the comments last
6  week were we would just have to kind of play this by ear
7  as we disclosed experts, as they deposed experts; if
8  there is any movement that had to happen, we would have
9  those conversations.
10    I think at this point the priority is getting
11 our experts deposed by the September 27th date. And
12 then we can see, I guess, what -- or how many experts
13 the defendants disclose. And we can have a conversation
14 then about the dates for the -- our dates for us to
15 depose the defendants' experts and so on.
16 THE COURT: Are plaintiffs' experts to be deposed
17 by the 27th of September?
18 MR. OLISS: 13th.
19 THE COURT: 13th. That's right.
20 MR. HENSLEY: And the defendants' disclosure,
21 I think, is --
22 MR. OLISS: The 27th.
23 THE COURT: The 27th.
24 MR. HENSLEY: -- the 27th.

Page 22

1  MR. OLISS: Yeah, so I broadly think that is right.
2  I think what we talked about last week was entering --
3  This was an order that plaintiffs prepared --
4  MR. HENSLEY: Based on your e-mail.
5  MR. OLISS: -- based on your e-mail. And so I
6  think we can enter this and then we can table any --
7  MR. HENSLEY: It's with the same caveat that --
8  THE COURT: If we need to tweak things, we can talk
9  about it.
10 MR. HENSLEY: Great.
11 THE COURT: Okay. Do we know how many experts
12 defendants are going to have?
13 MR. OLISS: I cannot confidently give you a number.
14 We are still figuring that out.
15 THE COURT: More than ten?
16 MR. OLISS: I don't think so.
17 THE COURT: Okay. What else? That's actually all
18 I had on my list for today. What else do we have?
19 MR. HENSLEY: We had a routine motion to amend for
20 one plaintiff, a Frank Carney. Upcoming statute. We
21 are adding in Baxter in that. So I can hand that up to
22 the Court. I think we sent that in last night.
23 MR. OLISS: So, Your Honor, we just saw that last
24 night. I think one -- I think we would like a minute

Page 23

1  with it, or maybe more than a minute. I think this is
2  an individual who -- we filed a motion to dismiss, which
3  was granted. And so this is an attempt to cure that,
4  I assume. I have not had a chance to read it yet. So
5  we would like an opportunity to review it.
6  THE COURT: Do you want to hold it until next week,
7  or do you want to look it over now?
8  MR. OLISS: I would ask to hold it until next week
9  since we -- I don't know that anyone has really had a
10 chance to see it.
11 MR. HENSLEY: I know that there is an upcoming
12 statute on it. I don't know the date on that statute,
13 but the amendment is just adding in Baxter to preserve
14 that statute. So, I mean, I --
15 MR. OLISS: Okay. That's the only amendment?
16 Because it was dismissed.
17 MR. HENSLEY: I mean, Paragraph 4 of our motion
18 states, Plaintiff Carney seeks to amend his complaint to
19 add Baxter as a defendant.
20    I mean, to the extent that there is a --
21 I guess a claim that this issue was already decided or
22 this claim was dismissed, I mean, I guess that's a --
23 that's a 619 motion.
24 MR. OLISS: So, Judge, I just think we need to look

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 10 of 12 PageID #:595

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 24

1  at this because it is -- it appears to be a case that
2  was dismissed.
3      THE COURT: Why don't we do this. Look it over.
4  If the statute is running between now and next week --
5      MR. HENSLEY: Okay.
6      THE COURT: -- get it decided. And you can e-mail
7  it in, and I will get it entered for you.
8      MR. OLISS: Thank you.
9      THE COURT: Otherwise, we will look at it next
10 week.
11     MR. OLISS: Thank you, Your Honor.
12     THE COURT: Anything else?
13     MR. OLISS: I do have one other issue, Your Honor.
14 We had previously -- we discussed a little bit last
15 week -- filed a motion in order to get a date certain
16 for filing of contribution claims, counterclaims. There
17 was some discussion on it -- about it last week. We
18 have not heard any further objection or any request that
19 the proposed order be modified in any way. I don't know
20 if there is anything anybody wants to say on it, but we
21 still got that request in front of you. I think you
22 indicated last week you were inclined to enter it, and
23 then there was some discussion --
24     THE COURT: Right.

Page 25

1      MR. OLISS: -- and we were going to hear from folks
2  if they had a problem with it. We have not heard
3  anything further.
4          This is the proposed order.
5              (Document tendered.)
6      THE COURT: Thank you.
7          I know we discussed that last week, and I just
8  wanted to make sure that we are all okay with it. So I
9  have no problem with any contribution claims. So that
10 will be entered as well.
11     MR. OLISS: Thank you, Your Honor.
12     THE COURT: Anything else?
13     MR. RYAN: One other item, Your Honor. My
14 colleague -- This is Brendan Ryan on behalf of Vantage.
15         My colleague, Katie Welch, sent you the order
16 that was discussed last week with regard to this Michael
17 Moskowitz case that should be dismissed without
18 prejudice for want of prosecution. She sent you that
19 order, I believe late last week or -- late last week.
20 I don't think it's been entered yet. I don't have it
21 with me, but --
22     THE COURT: I thought it was.
23     MR. RYAN: If it was entered, we'll check again.
24     THE COURT: Check again, because I believe it was

Page 26

1  entered either Monday or Tuesday.
2      MR. RYAN: Got it. Okay. We'll check again.
3      THE COURT: If not, have her send it over again,
4  because I don't have a problem with that.
5      MR. RYAN: Okay. Great.
6      THE COURT: I thought I gave that to
7  Lamont (phonetic) Monday or Tuesday. Let me just check
8  to see if it's in this stack.
9          No. I think it was entered; but again, if
10 not, have her send it over again.
11     MR. RYAN: We'll take a look. Thank you,
12 Your Honor.
13     MR. HENSLEY: Your Honor, I have just a little bit
14 more information on that Carney case. I believe the
15 SOL is running this weekend. And from my understanding,
16 this was one of the cases that if you dismissed it --
17 you had granted leave to amend to add the diagnosis
18 date, and I believe that we since have done that. So
19 that's the issue, I guess. I will give counsel the
20 opportunity to review it, but we'll probably reach out
21 to you tomorrow with an update on that to get that order
22 entered if --
23     THE COURT: That's fine.
24         Do you have a copy of this, Counsel?

Page 27

1      MR. OLISS: I think we got one by e-mail.
2      MR. HENSLEY: We e-mailed it, yeah.
3      THE COURT: Okay. Why don't -- I will hold onto
4  this one; and that way you can just say you've agreed to
5  it, assuming you agree to it, and then I can just enter
6  the order.
7      MR. HENSLEY: Great.
8      THE COURT: Okay. I'm assuming that's going to be
9  okay.
10     MR. OLISS: I don't know, Your Honor. I mean, it
11 was dismissed, and it was dismissed for a reason. And
12 that reason, I believe, was that it did not -- this
13 individual didn't allege exposure during the period of
14 ownership of -- certainly of Isomedix. I believe it was
15 Cosmed as well. So there is a material issue with this
16 plaintiff, and that's why we moved to dismiss the claim.
17 So if he has not cured that, then we would oppose it.
18     THE COURT: Well, again, chat about that in the
19 meantime and follow up with me tomorrow or Friday.
20 I will give you both days.
21         Anything else?
22         What about the next week? Are we meeting next
23 week, our usual Wednesday, or are things...
24     MR. OLISS: We do have expert depositions next

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 11 of 12 PageID #:596

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 28

1  week, and that just may be --
2      THE COURT: And you are saying those take priority
3  over coming to see me?
4          (Laughter.)
5      MR. HENSLEY: I think my thought would be why don't
6  we come back the week of the 9th, just -- in the event
7  that we have those depositions. I don't know how much
8  is really going to come up between now and then.
9      THE COURT: And it seems like it's -- things are
10 relatively quiet in terms of other case -- why did I say
11 that -- in terms of case management. So I would rather
12 you take care of your expert discovery rather than come
13 to see me.
14     But let's put it this way. If you need to set
15 something up for next week, I'm available. So just let
16 me know. But why don't we plan on the 11th then if
17 that's okay.
18     MR. HENSLEY: Great. At 8:30?
19     THE COURT: 8:30.
20     MR. OLISS: Can I suggest the -- Well, you know
21 what? That's fine.
22     THE COURT: Are you sure?
23     MR. OLISS: Well, we've got expert depositions the
24 following week as well, but we'll make sure it's

Page 29

1  covered.
2      THE COURT: Okay. 8:30 on September 11th. Let's
3  see where we are at that point. And I will wait to hear
4  tomorrow or something -- tomorrow or Friday on the
5  Carney matter as to whether that order will be entered.
6          Anything else, send me an e-mail, everybody.
7          Have a good rest of the week. Have a great
8  Labor Day. Enjoy.
9              (Which were all the proceedings had
10               in the above-entitled cause on this
11               date.)

10 (Pages 28 to 29)

Case: 1:24-cv-07261 Document #: 26-25 Filed: 08/29/24 Page 12 of 12 PageID #:597

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 8/28/2024

Page 30

1   STATE OF ILLINOIS    )
                         )  SS.
2   COUNTY OF COOK       )

3

4           Isabella Tenerelli, being first duly sworn, on

5   oath says that she is a Certified Shorthand Reporter and

6   Registered Professional Reporter doing business in the

7   City of Chicago, County of Cook, and the State of

8   Illinois;

9           That she reported in shorthand the proceedings

10  had at the foregoing hearing;

11          And that the foregoing is a true and correct

12  transcript of her shorthand notes so taken as aforesaid

13  and contains all the proceedings had at the said

14  hearing.

15

16          *[signature: Isabella Tenerelli]*

17  _____
    ISABELLA TENERELLI, CSR, RPR
18  161 North Clark Street
    Suite 3050
19  Chicago, Illinois 60601
    Phone:  312.361.8851
20

21  CSR No. 084-004697

22

23

24