**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| *In re: Ethylene Oxide Litigation*<br>*Coordinated Pretrial Proceedings* | No. 1:24-cv-07261<br><br>Honorable Jorge L. Alonso |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rules 5.8 and 26.2, Plaintiffs respectfully move for leave to file under seal Exhibit 1 to the Declaration of Todd Logan.

Exhibit 1 is a redacted version of a "Confidential Term Sheet for Proposed Global Settlement" agreed to between Edelson PC and Vantage Specialty Chemicals. For the avoidance of doubt, the document being submitted under seal is itself significantly redacted and will reveal to the Court and the Parties only three unredacted sections (on pages one, two, and five). That means the motion here seeks relief—in the form of a sealing order—only as to those three short sections. *Cf. Zip Top, Inc. v. S.C. Johnson & Son, Inc.*, No. 22 C 5028, 2024 WL 989380, at *10 (N.D. Ill. Mar. 7, 2024) (Alonso, J.) (denying motion to seal entire "lengthy documents," wherein parties made no apparent effort to narrow the scope of material submitted to Court but withheld from public). Plaintiffs seek leave to seal those three small sections from the public,

1

and consequently the publicly-filed version of Exhibit 1 is simply a slip cover indicating that the document has been filed completely under seal.

The Court should permit the three sections to remain sealed. Settlement documents "that have been reached without the court's approval are typically not treated as part of the judicial record, and the presumption of public access rarely applies to them." *Forbus v. CF Remodeling, LLC*, No. 3:22-CV-1724-RJD, 2024 WL 1579224, at *2 (S.D. Ill. Apr. 11, 2024) (citing *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)). That's the case here: unsealing the record would reveal nothing about judicial activity, and the relevance of the sealed provisions to the parties' briefing is plainly stated in Plaintiffs' reply brief. Conversely, there is good reason to seal the requested sections: they reveal, among other things, the identity and scope of work assigned to the mediator and other not irrelevant-here inner workings of an ongoing settlement program including, for example, certain deadlines and other details relating to the challenge and allocation process. Weighed against the lack of presumption of public access, *see Goesel*, 738 F.3d at 833, that is enough to satisfy *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) and *Baxter International v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).

Plaintiffs consequently request that the Court grant this motion.

Respectfully submitted,

**HATTIE PHELPS**, et al.

Dated: September 5, 2024                    By: /s/ Todd Logan

One of Plaintiffs' Attorneys

Nicholas Rosinia
nrosinia@edelson.com
EDELSON PC

2

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6370

Todd Logan
tlogan@edelson.com
Brandt Silver-Korn
bsilverkorn@edelson.com
EDELSON PC
150 California St, 18th Floor
San Francisco, California 94111
415.212.9300

*Counsel for Plaintiffs*