IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ETHYLENE OXIDE COORDINATED PRETRIAL PROCEEDINGS | Case No. 1:24-cv-07261 <br><br> Honorable Jorge L. Alonso |

**DEFENDANT VANTAGE SPECIALTY CHEMICALS, INC.'S**
**REPLY IN SUPPORT OF ITS OMNIBUS MOTION TO REMAND**

In their Omnibus Opposition, ECF No. 26, Defendants Isomedix, Cosmed, and PPG argue that Vantage is a nominal defendant because it has supposedly "acted as though it no longer faces any realistic prospect of Plaintiffs prosecuting claims against it." *Id.* at 15-16, 28.[1] Vantage has indeed paused certain litigation efforts "to allow the settlement process to continue to unfold." *Id.* at 9 (quoting Vantage's counsel). But temporarily declining to answer a complaint[2] or pausing discovery does not make Vantage a "mere bystander[] or formal part[y]." *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 711 (7th Cir. 1992) (defendant that merely "refused to respond to [plaintiff's] demand for arbitration, to answer the complaint, or to join the petition for removal" not nominal defendant). To the contrary, Vantage remains an active participant in this case, regularly attending and participating in hearings in front of Judge Ehrlich, *see, e.g.*, Ex. 1, July 25, 2024, Transcript Excerpt; Ex. 2, August 28, 2024, Transcript Excerpt, and accepting service of newly filed complaints against it, *see, e.g.*, Ex. 3, August 15, 2024, Correspondence

---

[1] "Isomedix" refers to Isomedix Operations, Inc.; "Cosmed" refers to Cosmed Group, Inc.; "PPG" refers to PPG Industries, Inc.; "Vantage" refers to Vantage Specialty Chemicals, Inc.

[2] As Isomedix and Cosmed noted in a subsequent filing, ECF No. 29, Vantage has, in fact, answered the complaint in the *Taylor* case, which the Omnibus Opposition stated was not the case.

Between Counsel Accepting Service. That Vantage has not always participated in aspects of this case that never concerned it—such as discovery regarding facilities it never owned or discovery disputes between Plaintiffs and other defendants—is of no consequence.

Indeed, Vantage remains a real party until "Plaintiffs no longer seek relief against [ ] Vantage, and [ ] there is no reasonable expectation that [Vantage] will be held liable in this litigation." ECF No. 26 at 16. And as the cases cited by Vantage (ECF No. 9 at 2) and Isomedix, Cosmed, and PPG all make clear, Vantage does not satisfy that standard here because there is not yet for each plaintiff a "settlement agreement that is binding and enforceable under the applicable state law." *Hanahan v. John Hancock Life Ins. Co. (USA)*, 518 F. Supp. 2d 780, 785 (D.S.C. 2007) (cited in ECF No. 26 at 18); *see also Pulse Eng'r, Inc. v. Fed. Ins. Co.*, 2006 WL 6557899, at *3 (S.D. Ind. Dec. 5, 2006) (cited in ECF No. 26 at 16) (plaintiff "had already signed settlement agreements with all of the original defendants"); *Comer v. Schmitt*, 2015 WL 5954589, at *3 (S.D. Ohio Oct. 14, 2015) (cited in ECF No. 26 at 16) (parties had an agreed settlement "in an amount certain"). Until then, there is a reasonable basis for Vantage's potential liability to plaintiffs and no amount of discovery can change that fact or its implications for this Court's jurisdiction.[3] *See Longobardi v. Honeywell Intern., Inc.*, 2020 WL 6581654, at *1-2 (N.D. Ill. Nov. 10, 2020) ("a defendant remains a defendant for purposes of the removal statute unless and until it has been formally dismissed from the suit").

**CONCLUSION**

For the foregoing reasons and the reasons in its Omnibus Motion to Remand, ECF No. 9, Vantage respectfully requests that the Court remand the above-captioned and all related

---

[3] For the reasons noted in Defendant Medline Industries, LP's Reply in Support of Its Omnibus Motion to remand, ECF No. 30 at 3-6, which Vantage incorporates by reference, Isomedix's request for jurisdictional discovery is improper and should be denied.

-3-

consolidated cases to the Circuit Court of Cook County, and grant such other relief as the Court deems just and equitable.

Dated: September 5, 2024          Respectfully submitted,

<p style="margin-left: 40%"><u>/s/ Nicholas M. Berg</u><br>
Jeffrey J. Bushofsky<br>
Nicholas M. Berg<br>
<b>ROPES & GRAY LLP</b><br>
191 North Wacker Drive, 32nd Floor<br>
Chicago, Illinois 60606<br>
T: 312.845.1200<br>
F: 312.845.5522<br>
Jeffrey.Bushofsky@ropesgray.com<br>
Nicholas.Berg@ropesgray.com</p>

**Certificate of Service**

I, Philip P. Ehrlich, hereby certify that the foregoing document was electronically filed on September 5, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

/s/ Philip P. Ehrlich

Philip P. Ehrlich
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5559
Philip.Ehrlich@ropesgray.com