# Exhibit 1



# Transcript of Proceedings had in Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.

**Taken On:** July 25, 2024

Royal Reporting Services, Inc.
Phone: 312.361.8851
Email: info@royalreportingservices.com
Website: royalreportingservices.com

Case: 1:24-cv-07261 Document #: 36-1 Filed: 09/05/24 Page 3 of 6 PageID #:930

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 7/25/2024

Page 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

```
KATHLEEN KOCH,                   )
                                 )
           Plaintiff,            )
     v.                          ) No. 2023 L 686
                                 )
VANTAGE SPECIALTY                ) All Consolidated
CHEMICALS, INC.; et al.,         ) Cases
                                 )
           Defendants.           )
```

     Report of proceedings had at the hearing in the above-entitled cause before the HONORABLE JOHN H. EHRLICH, Judge of said Court, at Richard J. Daley Center, 50 West Washington Street, Room 2306, Chicago, Illinois, commencing at 8:30 a.m. on July 25th, 2024.

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 7/25/2024

Page 2

```
 1    APPEARANCES:
 2         REDGRAVE LLP
           HON. NAN R. NOLAN (Ret.)
 3         230 West Monroe Street
           Suite 210
 4         Chicago, Illinois 60606
           Phone:  312.800.1968
 5         E-mail:  nnolan@redgravellp.com

 6              Discovery Neutral

 7         STINAR GOULD GRIECO & HENSLEY
           MR. BRYCE T. HENSLEY
 8         101 North Wacker Drive
           Suite 100
 9         Chicago, Illinois 60606
           Phone:  312.728.7444
10         E-mail:  bryce@sgghlaw.com

11              On behalf of the Plaintiff;

12         KIRKLAND & ELLIS LLP
           MS. KATIE J. WELCH
13         333 West Wolf Point Plaza
           Chicago, Illinois 60654
14         Phone:  312.862.2000
           E-mail:  katie.welch@kirkland.com
15

16              and

17         ROPES & GRAY LLP
           MR. JEFFREY J. BUSHOFSKY
18         191 North Wacker Drive
           32nd Floor
19         Chicago, Illinois 60606
           Phone:  312.845.1200
20         E-mail:  jeffrey.bushofsky@ropesgray.com

21              On behalf of the Defendant Vantage Specialty
                Chemicals, Inc.;
22

23

24
```

Royal Reporting Services, Inc.
312.361.8851

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 7/25/2024

Page 3

1  APPEARANCES (continued):
2       JONES DAY
        MR. PHILIP M. OLISS
3       110 North Wacker Drive
        Suite 4800
4       Chicago, Illinois 60606
        Phone:  312.782.3939
5       E-mail:  poliss@jonesday.com
6            On behalf of the Defendant STERIS Isomedix
             Services, Inc.;
7
        PEDERSEN & HOUPT
8       MR. ANTHONY DeMARCO PESCE
        MR. CHARLES M. GERING
9       161 North Clark Street
        Suite 2700
10      Chicago, Illinois 60601
        Phone:  312.641.6888
11      E-mails: apesce@pedersenhoupt.com
                 cgering@pedersenhoupt.com
12
             On behalf of the Defendant Cosmed Group, Inc.;
13
        K&L GATES LLP
14      MR. VINCENZO R. CHIMERA
        MR. KENN BROTMAN
15      70 West Madison Street
        Suite 3300
16      Chicago, Illinois 60602
        Phone:  312.372.1121
17      E-mails: vincenzo.chimera@klgates.com
                 kenn.brotman@klgates.com
18
             On behalf of PPG Industries, Inc.;
19
        DLA PIPER LLP
20      MR. JOSEPH A. ROSELIUS
        444 West Lake Street
21      Suite 900
        Chicago, Illinois 60606
22      Phone:  312.368.4000
        E-mail:  joseph.roselius@dlapiper.com
23
             On behalf of BASF.
24                 *  *  *  *  *  *  *

Royal Reporting Services, Inc.
312.361.8851

Case: 1:24-cv-07261 Document #: 36-1 Filed: 09/05/24 Page 6 of 6 PageID #:933

Kathleen Koch v. Vantage Specialty Chemicals, Inc.; et al.
Proceedings had on 7/25/2024

Page 24

 1  Chris, of course, being so precise, he put it down,
 2  but...
 3      THE COURT:  I mean, I know the federal courts are
 4  usually very quick with decisions on removal.
 5      JUDGE NOLAN:  Because they can't wait to get rid of
 6  it.
 7      THE COURT:  I didn't know -- And I didn't know if
 8  there was actually a deadline that it was imposed on
 9  them to --
10      MR. BUSHOFSKY:  Your Honor, I can probably be more
11  objective than some other people because I feel like
12  Vantage doesn't have much of a dog in this particular
13  fight.  They're removed.  The federal judge has
14  jurisdiction now.  He or she doesn't need to do anything
15  until someone challenges the removal and moves for
16  remand, and that process can take a short period of time
17  by maybe Cook County standards or it could take quite a
18  long time.
19      THE COURT:  Are you saying we have our own clock
20  here?
21      MR. BUSHOFSKY:  I don't know.  I've only been here
22  for 30 years, and I'm still not sure.
23      MR. OLISS:  Judge, I think that's right.  The
24  removal is effective upon filing of the removal which

Page 25

 1  deprives this Court of jurisdiction to enter orders
 2  until such time as the case is remanded, I believe is
 3  where we are.
 4      THE COURT:  Now that you say that, I think that
 5  triggers some old brain cells.  I think that's correct.
 6      Well, let's do this.  I mean, do we -- Have
 7  the defendants provided a list of the removed cases to
 8  the plaintiffs?
 9      MR. HENSLEY:  We got, I think, 12 from Isomedix.
10  At least I did.  I don't think I was on the service list
11  for PPG.  I don't know about my co-counsel in the case.
12  So I think --
13      THE COURT:  If you could supply those to the
14  plaintiffs, I would appreciate it.  I think that will
15  make it easier for them going forward with regard to any
16  motions that they are going to provide.
17      MR. CHIMERA:  We can provide a list.
18      THE COURT:  I think that would help.
19      JUDGE NOLAN:  Is there a -- Are the new cases going
20  to be assigned to the judge who has the first group?
21  Are they considered to be --
22      MR. HENSLEY:  That's a procedural question.
23      MR. CHIMERA:  That's a procedural question.  I
24  think that's still being sorted out.

Page 26

 1      JUDGE NOLAN:  Okay.
 2      MR. CHIMERA:  They have been assigned to a number
 3  of different judges, so right now --
 4      JUDGE NOLAN:  Oh, it has?  Okay.
 5      MR. CHIMERA:  But that may change.  It's being
 6  sorted out.
 7      JUDGE NOLAN:  Okay.
 8      MR. HENSLEY:  Just going back for a second,
 9  Your Honor, on the motions to amend, I mean, we'll start
10  working on those right away, but I think the combination
11  of that with Knobbe -- not to cut this short by any
12  means so we can keep going, but I think we do need to
13  set something for next week in light of the deadlines
14  that we have.  We can come back hopefully with some of
15  those motions to amend on file.
16      THE COURT:  And I canceled my vacation, which I was
17  scheduled to take tomorrow, because of my continuing
18  cold.  So we can come back next week.  That's not a
19  problem.
20      JUDGE NOLAN:  Judge, I do have one more thing.  I'm
21  sorry.
22      THE COURT:  Sure.  Never be sorry.
23      JUDGE NOLAN:  So this was an e-mail we got at 8:30
24  last night, and it is regarding third-party subpoena

Page 27

 1  records.  It's from the plaintiff.  And Mr. Oliss --
 2  This everybody got also.  And Chris has a suggestion on
 3  this also.
 4      So plaintiff said they need our assistance,
 5  that Isomedix has retained a third party to collect
 6  Ms. Knobbe's medical records.  Isomedix has informed us,
 7  meaning the plaintiffs, that it will only make these
 8  documents available to plaintiffs if the plaintiffs pay
 9  their third-party vendor fees for the documents, and
10  the -- This gentleman can speak for himself, but it --
11  Ms. Schuyler referred to the ESI protocol.  It doesn't
12  sound like it's exactly on point, but there might be
13  something in the protocol talking about change -- or
14  what you do with the cost.
15      So Chris being -- even in his absence, here is
16  what he would like -- or here is what he would suggest
17  is -- where is that one -- that Isomedix -- okay --
18  we -- Our suggestion is, Isomedix should agree to
19  provide the document -- These are medical records of
20  Ms. Knobbe that they absolutely need.  Isomedix should
21  agree to provide the documents under reservation of
22  rights to seek reimbursement of the costs later.  If
23  Isomedix will not so agree, then the plaintiff should
24  pay under reservation of rights to seek reimbursement